UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

MARKETING PARTNER SERVICES L.L.C
and SITE IMPACT L.L.C.,

   Plaintiffs,       State Court Case No.: CACE-24-011099

v.

KATHRYN SCIORTINO, an individual,
and DATASYS GROUP, INC.,

   Defendants.
_____/

## NOTICE OF REMOVAL

  Defendants, Kathryn Sciortino and Datasys Group, Inc. (collectively, "**Defendants**"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the above-captioned matter from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, and state:

  1. On August 5, 2024, Plaintiffs, Marketing Partner Services L.L.C., and Site Impact L.L.C. (collectively, "**Plaintiffs**"), filed a Complaint against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Marketing Partner Services L.L.C. et al. v. Kathryn Sciortino et al.*, Case No. CACE-24-011099 (the "**State Court Action**").

  2. Plaintiffs assert a claim in the State Court Action against Defendants arising from alleged violations of the Defend Trade Secrets Act, 18 U.S.C. § 1839.  *See* **Exhibit "A,"** attached hereto at ¶¶ 112-118.

3. On August 6, 2024, Plaintiffs' counsel sent Defendants' counsel a copy of the Complaint filed in the State Court Action.

4. On August 9, 2024, Plaintiffs effectuated service of process on Defendants.

5. No previous removal of this case has been attempted or effected.

**A. Grounds for Removal of State Court Action.**

6. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a),

7. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a), without regard to the citizenship or residence of the parties, because this Court has original jurisdiction under 28 U.S.C. § 1331, by virtue of Plaintiffs' claim in Count V of their Complaint in the State Court Action for Defendants' alleged violation of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836. *See* Complaint, attached hereto as **Exhibit A** at ¶¶ 112-118.

8. Specifically, section (c) of the Defend Trade Secrets Act, provides: "The district courts of the United States shall have original jurisdiction of civil actions brought under this section." 18 U.S.C. § 1836(c).

9. As set forth more fully below, the state-law claims in Plaintiffs' Complaint are preempted by the Defend Trade Secrets Act, 18 U.S.C. § 1836, and therefore, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) the Defendants have satisfied all procedural requirements for removal and (2) the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

2

**NELSON MULLINS RILEY & SCARBOROUGH | ATTORNEYS AND COUNSELORS AT LAW**
One Biscayne Tower | 2 South Biscayne Blvd. 21st Floor Miami, FL 33131 | T: 305.373.9400 | F: 305.373.9443 | nelsonmullins.com

### B. Venue is Proper in this District.

10. Removal is proper to the United States District Court for the Southern District of Florida because it is the federal judicial district encompassing the Seventeenth Judicial Circuit Court in and for Broward County, Florida, where the action was originally filed. *See* 28 U.S.C. § 1446(a).

### C. Removal Procedure.

11. Removal is timely because Defendants have filed this Notice of Removal within thirty (30) days of receipt, through service or otherwise, of a copy of the initial pleadings setting forth the claim(s) for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b),

12. In accordance with 28 U.S.C. § 1446(a), with this Notice, Defendants are simultaneously filing copies of all process, pleadings, motions, and orders existing on file in the Circuit Court for this removed action, including the Complaint and Emergency Motion for Temporary Injunction. *See* State Court Docket Sheet attached hereto as **Exhibit B**, and a composite exhibit including all remaining state court documents in accordance with Local Rule 1.06(b) attached hereto as **Exhibit C**.

13. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, simultaneously provide written notice of the filing of this Notice of Removal to Plaintiffs' counsel as reflected by the Certificate of Service.

14. This Notice of Removal does not waive any objections Defendants may have regarding jurisdiction or venue or any other defenses available to Defendants.

3

**NELSON MULLINS RILEY & SCARBOROUGH | ATTORNEYS AND COUNSELORS AT LAW**
One Biscayne Tower | 2 South Biscayne Blvd. 21st Floor Miami, FL 33131 | T: 305.373.9400 | F: 305.373.9443 | nelsonmullins.com

15. Defendants reserve the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted herein.

**WHEREFORE**, Defendants, Kathryn Sciortino and Datasys Group, Inc., respectfully request that the State Court Action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida be removed to the United States District Court for the Southern District of Florida.

Dated: August 25, 2024

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
2 Biscayne Blvd., 21st Floor
Miami, Florida 33131
Telephone: 305.373.9436

By: */s/ Justin B. Kaplan*
Justin B. Kaplan, Esq.
Fla. Bar No. 33725
Scott Knapp, Esq.
Fla Bar No. 16688

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of August, 2024, a true and correct copy of the foregoing was electronically filed with the Court using CM/ECF and that the foregoing document was also served upon counsel of record in the Action via electronic mail to Arielle S. Eisenberg, Esq. (aeisenberg@cozen.com).

By: *Justin B. Kaplan*