# EXHIBIT A

# MARKETING PARTNER
## SERVICES

## NON-COMPETE, NON-SOLICITATION, CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

This Non-Compete, Non-Solicitation, Confidentiality and Non-Disclosure Agreement (the "Agreement") is made and entered into in Broward County, Florida this ___ day of October 2017, by and between **MARKETING PARTNER SERVICES L.L.C.** ("Company"), and Kathryn Joachno ("Employee"), sometimes each referred to individually as a "Party," and collectively as the "Parties."

### RECITALS

**A.** Company is engaged in the business of providing digital marketing and postal marketing services (the "Business").

**B.** Company desires to employ Employee, and Employee desires to be employed by Company, in accordance with the terms and conditions contained in this Agreement.

**C.** Employee and Company agree and acknowledge that the Employee shall be given access to information that is sensitive and absolutely confidential in nature and represents an asset of the Company in the nature of trade secrets and goodwill, which if disclosed or revealed in any manner or form would result in immediate irreparable harm and injury to Company.

**NOW, THEREFORE,** in consideration of the premises and the mutual promises and agreements contained herein, Company and the Employee hereby covenant and agree as follows:

1. **Employment.** Company hereby employs Employee, and Employee hereby accepts such employment upon the terms and conditions set forth in this Agreement.

2. **Employment Relationship.** Employee is an at-will employee pursuant to the laws of the State of Florida. This means Employee may quit at any time, for any reason or no reason, with or without notice, and Company may terminate the Employee at any time, for any reason or no reason, with or without notice. There is no promise by Company that employment will continue for any set period of time. There is no promise by either Employee or Company that employment will be terminated only under particular circumstances. In particular, this policy of at-will employment shall not be modified by any statements, express or implied, contained in any employment handbook, application, memoranda, policy, procedure, or other materials or statements provided to Employee in connection with Employee's employment.

3. **Non-Disclosure of Confidential Information.** Employee acknowledges that as a result of Employee being retained by Company, Employee may make use of and acquire information received from third parties under confidential conditions; information subject to the Company's attorney client or work product privilege; and confidential information of a special and unique nature and value relating to such matters as Company's proprietary information and trade secrets, including, but not limited to, unpublished ideas, compilations or information with respect to the operation of the Company, its business, or the conduct of its marketing, advertising, research, and other proprietary procedures; all information and lists relating to actual, past, present and/or

potential candidates, clients, customers, and referral sources, including names, addresses, telephone numbers, e-mail addresses, or any other identifying information; all information and lists relating to vendors and suppliers; methods of operation, systems, procedures, manuals, and confidential reports; sales and marketing plans; service information; financial statements and records; computer software, programs, systems and strategies; and any other proprietary and confidential information disclosed to, known by, or developed by Employee as a direct or indirect consequence of or through Employee's employment with Company ("Confidential Information").

Employee acknowledges that all Confidential Information disclosed to Employee by Company is the exclusive property of Company, is material and confidential, and greatly affects the goodwill and the effective and successful conduct of Company's business. Accordingly, Employee covenants and agrees that Employee shall not, at any time during Employee's employment or for ten (10) years after termination of employment, directly or indirectly, communicate, divulge or disclose, for any purpose whatsoever, or use for Employee's own benefit or the benefit of any third party, any Confidential Information.

In the event that Employee is required by judicial or administrative process to disclose Confidential Information, Employee agrees to immediately notify the Company, in writing, of said requirement, affording the Company time and a meaningful opportunity to oppose such process.

4. **Return of Confidential Information.** Employee covenants and agrees that he will not take from Company, for his own use or the use of any third party, any document, paper, computer-generated media, or other property of Company containing Confidential Information. Employee shall, upon termination of his employment or at any time that Company requests, deliver to Company any document, paper, computer-generated media or other property of Company (and all copies of same) in Employee's possession that contains Confidential Information.

5. **Trade Names.** Employee covenants and agrees that he has no ownership or interest in any of the Company's trade names (collectively, "Trade Names") and covenants and agrees that he has no right to use the Trade Names without permission at any time.

6. **Covenant Against Competition.** Employee acknowledges that his/her services to be rendered are of a special and unusual character which have a unique value to Company and that, because the damages suffered from Employee's breach of this covenant against competition would not be readily susceptible of measurement in an action of law, there is no adequate remedy at law. The Parties agree that a violation of the provisions of this paragraph shall cause an immediate and irreparable injury to Company. In view of the unique value to Company of the services of Employee and because of the Confidential Information to be obtained by or disclosed to Employee in connection with his employment, and as a material inducement for Company to employ Employee and to pay Employee compensation, Employee covenants and agrees that, during his employment and for a period of **two (2) years** after the termination or expiration of his employment for any reason (collectively, the "Restrictive Period"), Employee shall not, without first obtaining Company's express written agreement, as self-employed or employee or independent contractor of any professional association, corporation or other entity, or as a shareholder or a member of any corporation or other entity, or as director, officer, principal, agent, owner, employer, advisor, consultant, or in any individual or representative capacity whatsoever,

either for Employee's own benefit or for the benefit of any other person or entity, or otherwise, engage directly or indirectly in competition with Company in the following counties in the State of Florida: Broward, Palm Beach and Miami-Dade. Additionally, such geographic area shall include the area having a radius of 50 (Fifty) miles around any office of Company established at the time or after the execution of this Agreement. The entire geographic area described in this subparagraph is collectively defined as "Company's Market Area." The Restrictive Period shall be extended during any period Employee is in breach of this section.

**7.    Covenant not to Solicit or Divert Work from Current and/or Prospective: Candidates, Clients, Referral Sources, or Customers.** For purposes of this Section, current and/or prospective: candidates, clients, referral sources, and/or customers of the Company, shall be individually and collectively referred to as "Prohibited Parties."

Employee agrees that during the employment period and during the Restrictive Period, Employee shall: (1) not solicit (directly or indirectly) work from or provide services to any Prohibited Parties other than for the benefit of Company; (2) not solicit (directly or indirectly) any Prohibited Parties to cease doing business with Company; (3) not solicit (directly or indirectly) any Prohibited Parties to commence receiving services with a legal or natural person other than Company; (4) not enter (directly or indirectly) into any business or arrangement which has the effect of diminishing Company's business; (5) not solicit (directly or indirectly) from any Prohibited Parties to provide (directly or indirectly) services of a type or kind that the Employee knows or reasonably should know that Company has performed or would have the capability to perform, even if Company does not do the work in question on a regular basis; and (6) not solicit (directly or indirectly) any Prohibited Parties for any other business purposes that would disadvantage Company in any way.

"Solicit," whether directly or indirectly, shall not be limited in its definition to mean only the initiation of contact. Rather, "solicit" shall include, but not be limited to, the initiation of contact by Employee or independent contractor, as well as Employee's or independent contractor's acceptance of an invitation of contact from Prohibited Parties.

It is the parties' intent that this covenant be construed as broadly as possible to protect and preserve Company's current and prospective candidate, client, referral source, and/or customer relationships during the Restrictive Period. The parties agree that the Restrictive Period shall be extended by any length of time during which the Employee is in breach of the covenant.

**8.    Covenant not to Solicit Employees.** Employee agrees that during employment and during the Restrictive Period, Employee shall not, directly and/or indirectly, solicit or attempt to solicit or persuade Company's employees and/or independent contractors to terminate their employment or contractual relationship respectively with Company and/or to accept employment with another employer or enter into a partnership, contract, agreement, or other business relationship that competes in any way with Company. The Employee acknowledges that this covenant is appropriate in view of the specialized training provided by Company to its employees, and the fact that the covenant is limited to solicitation of employees to terminate their employment. Both parties agree that the Restrictive Period shall be extended by any length of time during which the Employee is in breach of the covenant.

**9.     Covenant of Duty of Loyalty.** The Employee agrees that during the time that Employee is working for Company, the Employee owes Company a duty of loyalty, and that as part of this duty of loyalty, the Employee shall not engage in any form of business activity representing competition with Company, or plan any post-employment competitive business activity. Similarly, the Employee, while employed by Company, shall not appropriate for the Employee's own use any business opportunity for Company, or plan such appropriation, or otherwise engage in conduct amounting to a conflict of interest.

**10.     Obligation to Disclose This Agreement.** Employee agrees that he shall disclose the obligations contained in this Agreement to any third party that offers to employ him or engage him as an independent contractor in anticipation that his employment by Company will cease, and to any third party that in fact does employ him or engage him as an independent contractor after his employment by Company ceases.

**11.     Remedies.** The Employee agrees that the rights of Company provided by this Agreement are special, unique, and of extraordinary character and that Company will be without adequate remedy at law if the Employee violates any of those covenants. Accordingly, the Employee agrees that Company shall be entitled to injunctive relief to enforce such covenants.

In the event of a breach by Employee of the provisions of this Agreement, Company shall be entitled to recover from Employee any and all damages and costs suffered by Company resulting from Employee's breach, including but not limited to Company's attorney's fees and costs through and including all trial, appellate, and post-judgment proceedings. In addition to any action at law which Company may otherwise be entitled, Company shall also be entitled to exercise any and all rights in equity, including, without limitation, a temporary and/or permanent restraining order enjoining Employee from any and all violations of the terms and provisions of this Agreement. Employee understands that this covenant is an essential element of his employment relationship with Company and that, but for his agreement to comply with this covenant, Company would not have agreed to enter into or to continue the employment relationship (provided, however, that this Agreement is not intended to give Employee a right to employment).

**12.     Reasonableness of Restrictions; Independence of Covenants.** Employee has carefully read and considered the provisions of this Agreement, and having done so acknowledges and agrees that the restrictions set forth in this Agreement are fair and reasonable and are reasonably required and necessary for the protection of the legitimate business interests of Company. Each of the covenants set forth in this Agreement is independent of any other provisions in this Agreement; and each of the covenants set forth in this Agreement is independent of any other provision in any other agreement by, among, or affecting Company and Employee; and each of the covenants set forth in this Agreement is independent of the existence of any claim or cause of action by Employee against Company. The existence of any claim or cause of action of the Employee against Company, whether based on this Agreement or otherwise, shall not constitute a defense to the enforcement by Company of any covenant in this Agreement.

**13.     Reformation.** In the event that any part of the restrictions shall be held invalid, void, or unenforceable by a court of competent jurisdiction, the Parties acknowledge and agree

that it is their desire that such court shall substitute a reasonable judicially enforceable limitation in place of any limitation deemed invalid, void, or unenforceable and that, as so modified, the covenant, shall be as fully enforceable as if it had been set forth herein by the parties. It is the Parties' intent that any covenant held overbroad by any court be enforced to the maximum extent deemed reasonable by that court.

**14. Survival and Enforcement of Covenants.** Employee acknowledges and agrees that the covenants and obligations contained in this Agreement shall survive the termination of the employment relationship, and are necessary to protect the Business and goodwill of Company and that a breach of these covenants will result in irreparable harm and continuing damage to Company. As a result, Employee agrees that in the event Employee breaches or threatens to breach such covenants, Company shall be entitled to specific performance, injunctive or other equitable relief, or any relief deemed appropriate by a court of competent jurisdiction, from Employee, or any future employer, employees, partners, or agents of Employee, to prevent the continuation of such harm, and any such relief shall be cumulative and in addition to whatever other remedies Company may have, including recovery of liquidated, incidental, special or consequential damages.

Employee further acknowledges and agrees that any subsequent change in Employee's duties, salary, and compensation, status as employee and/or independent contractor, or title will not affect the validity or scope of this Agreement.

**15. Entire Agreement.** This Agreement contains the entire agreement between Company and Employee on the matters covered herein and supersedes all prior agreements, discussions and understandings by or between Company and Employee. This Agreement may not be modified except by an instrument in writing duly executed by Company and Employee. The parties acknowledge that they have entered into an Employment Agreement, which agreement is separate and apart from this agreement and is not superseded hereby.

**16. Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit and detriment of the Parties hereto and their respective personal representatives and heirs. Company may assign this Agreement. This Agreement may be enforced by an assignee or successor of the Company. This Agreement may not be assigned by the Employee.

**17. Severability.** If any provision of this Agreement shall be held to be invalid, illegal, or unenforceable, in whole or in part, and such provision cannot be reformed in accordance with this Agreement, then neither the validity of the parts of such provision nor the validity of any other provisions of this Agreement shall in any way be affected.

**18. Notices.** All notices and other communications given under any provision of this Agreement shall be in writing and shall be delivered (a) in person; (b) mailed, postage prepaid, registered or certified, return receipt requested; or (c) delivered by commercial overnight carrier such as Federal Express. All such notices and communications shall be addressed to the receiver of such notice at the address set forth below, or to such other address as may have been specified in a written notice duly given to the sender as provided hereunder.

    As to Company:    Marketing Partner Services L.L.C.

6119 Lyons Road, Suite ___<br>
Coconut Creek, Florida 33073

As to Employee: _Kathryn Saocrtino_

6119 Lyons Road, Suite ___
Coconut Creek, Florida 33073

Each such Notice shall be deemed delivered on the date delivered if by personal delivery; or on the date upon which the return receipt is signed, or delivery is refused, or the notice is designated by the postal authorities as not deliverable, as the case may be, if mailed, postage prepaid, registered or certified, return receipt requested or delivered by commercial overnight carrier such as Federal Express.

**19.** **Waivers.** The waiver by either Party of any right or remedy under the terms of this Agreement shall not be construed as a waiver of any other provision of this Agreement. Additionally, the waiver of any breach of a provision in this Agreement shall not be deemed a waiver of any prior or future breach of the same provision.

**20.** **Attorneys' Fees and Costs.** In any action, proceeding, or litigation relating to, connected with, or arising out of this Agreement, the prevailing party shall be entitled to reimbursement of its costs, including attorney's fees, incurred through all trial, appellate, and post-judgment proceedings, if any.

**21.** **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to conflicts of laws principles.

**22.** **Jurisdiction and Venue.** Each party irrevocably submits to the exclusive personal jurisdiction of the state courts located in Palm Beach County, Florida, and exclusive venue in Broward County, Florida. Each party agrees that the Circuit Court for the Fifteenth Judicial Circuit in and for Broward County shall be the exclusive jurisdiction and exclusive venue of any litigation or special proceeding to resolve any dispute or claim arising from, related to, or connected with this Agreement, including any claims based upon statute, common law or rule. The parties waive any objection to such forum based upon venue or forum non conveniens grounds.

**23.** **WAIVER OF JURY TRIAL.**

**EACH PARTY HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY DISPUTE, LITIGATION, OR COURT ACTION (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS, CROSSCLAIMS, OR THIRD-PARTY CLAIMS) ARISING FROM, GROWING OUT OF, OR RELATED TO THIS AGREEMENT. THE PARTIES ACKNOWLEDGE THAT THIS WAIVER IS A SIGNIFICANT CONSIDERATION TO, AND A MATERIAL INDUCEMENT FOR THE PARTIES TO ENTER INTO THIS AGREEMENT. EACH PARTY HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF THE OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT EITHER PARTY WOULD NOT, IN THE EVENT OF SUCH LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION.**

**24.  Descriptive Headings.** Descriptive headings contained herein are for convenience only and shall not control or affect provisions of this Agreement.

**25.  Intended Third-Party Beneficiaries.** In Box Specialists L.L.C. and Site Impact L.L.C. (collectively, the "Third-Party Beneficiaries") are third-party beneficiaries of this Agreement. All rights and remedies are intended for the benefit of the Third-Party Beneficiaries, and without any limitation on the Company's rights and remedies.

| COMPANY: *[signature]* <br> MARKETING PARTNER SERVICES L.L.C. <br> By (print name): Dan Lansman <br> Title: President <br> Dated: 10-1-2017 | EMPLOYEE: *[signature]* <br> Print: Kathryn Suschins <br> Dated: 10/1/17 |
|---|---|